CRUZ, PLAINTIFF AND APPELLANT, *v.* HEIRS OF JIMÉNEZ, DEFENDANTS AND APPELLEES (DELGADO ET AL., INTERVENORS AND APPELLANTS).

APPEAL from the District Court of Humacao in an Action for Annulment of a Lease.

No. 2325.—Decided July 3, 1922.

APPEAL—STATEMENT OF CASE—JURISDICTION—EXTENSION OF TIME.—A judge who has resigned his office has no authority to act under section 140 of the Code of Civil Procedure and grant an extension of time within which to file a statement of the case after the lawful period therefor has expired.

ID.—ID.—DISCRETION OF COURT.—If the Supreme Court had discretion to permit the filing out of time of a statement of the case by an appellant who originally had proceeded under Act No. 27 of 1917, it would not exercise such discretion when in the preparation of the said statement of the case the law or the rules of the Supreme Court had not been complied with.

The facts are stated in the opinion.

Mr. José de Guzmán Benítez for the appellant.

Mr. F. González for the appellees.

Mr. A. Dones for the intervenor-appellants.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellant filed a motion for reconsideration of the order striking out a statement of the case and we granted it because, the appellant alleging most earnestly a meritorious case and the power and discretion in this court, we did not care to cut off a revision of the evidence without a further argument. At the hearing we became convinced that we have no power to permit the evidence taken at the trial to be incorporated in or added to the record, that we have no discretion in the matter and that if we had such a discretion it ought not to be exercised.

The facts, or most of them, have been reviewed by this court in an opinion by Chief Justice Hernández dated December 23, 1921, *ante,* page 55.

The appellants, desiring to incorporate their evidence in the record, chose the method authorized by Act No. 27 of 1917 and Act No. 81 of 1919, whereby the stenographer's notes, with the approval and certificate of the judge trying the case, may be certified to this court. That this was the method originally pursued, the appellants freely admit. Indeed, it would seem that they base their principal claim for indulgence on the absence of the stenographer which caused them to change their method and resort to the preparation of a statement of the case or bill of exceptions. The appellants insist that the reduction to form of the stenographer's notes is merely an alternative or substitute way of following the

provisions of section 299 of the Code of Civil Procedure as amended. We have under consideration an attack on the constitutionality of the Acts of 1917 and 1919, *supra,* exactly on the ground that, being an amendment to section 299, the proposed amendments were not referred to in the title to the Acts, nor did the law as amended set forth the said Acts, as required by section 34 of the Organic Act. In the said pending case, and by reason of our experience in discussing the constitutionality of another Act in the case of *Toro Labarthe* v. *District Court of San Juan, ante,* page 501, we have reached the conclusion that the only way, in this regard, that the constitutionality of the law may be preserved is by regarding the method pointed out by the Acts of 1917 and 1919 as an independent addition to section 299 of the Code of Civil Procedure and not as an amendment thereof.

We have decided several times, *Mercado et al.* v. *Ferreiro,* 26 P. R. R. 433; *Vieira* v. *Reyes,* 28 P. R. R. 74; *Sucs. of Sanders, Philippi & Co. Ltd.* v. *Rivera,* 28 P. R. R. 901, and *Martínez* v. *Martínez,* 29 P. R. R. 505, that an appellant who, instead of following the more arduous path of stating the evidence in narrative form or the substance of the notes, chooses the easier method of the Acts of 1917 and 1919, must abide by his choice. He must stand or fall by his election. By a series of unfortunate accidents the appellants were unable to submit the stenographer's notes to the court for its approval. The notes were never, by virtue of the Acts of 1917 and 1919, presented for approval, and the appellants, choosing this method of incorporating their evidence, have failed to complete the steps initiated by them. This court was, therefore, completely justified in striking out the so-called bill of exceptions or statement of the case subsequently filed.

Within a few days after noting their appeal and still within the time for presenting a bill of exceptions, the ap-

pellants, explicitly choosing to proceed under the Acts of 1917 and 1919, but regarding the method as an alternate way of preparing a bill of exceptions, presented a motion to the District Court of Humacao to extend their time for filing a statement of the case. The court granted the extension. There were subsequent extensions. Finally, the district court went into vacation and the appellant asked for extensions of time in this court. The appellants did not ask of us time to present their statement of the case to the district court, but merely for time to present their "statement of the case and bill of exceptions" in this court. Extensions were granted as prayed. Subsequently, these extensions were annulled as beyond the power of the court, and appellants then took no further steps in this court. So that not having obtained extensions from the District Court of Humacao, the time for filing the "statement" or "bill" there expired and appellees were legally entitled to have stricken out the "bill" or "statement" finally filed in this court.

In this situation the appellants had recourse to section 140 of the Code of Civil Procedure. Appellants have not convinced us that in this connection the opinion of Chief Justice Hernández was erroneous. In a previous decision or decisions in a divided court we had declared ourselves, or the court below, without power to act under section 140, *supra*. In *Belaval v. Córdova Dávila et al.,* 21 P. R. R. 509, we expressed a doubt. We do not care at his crowded time fully to discuss the question of power, either in this court or in the court below. When the appellants decided to have recourse to section 140, the judge who had tried the case had resigned. Nevertheless, the appellants, instead of asking for time to file of the District Court of Humacao as then constituted, presented their application to the judge who had retired. He granted it. While it is his duty to approve a bill or state-

ment, a retired judge has no power to act under section 140 of the Code of Civil Procedure. It is the court itself that must then act.

Supposing that somehow this court had power or discretion to permit the filing of a bill or statement, we should not feel impelled to exercise it, because the bill or statement presented fails to comply with the law or with the Rules of this court. Instead of being a bill or statement, the paper presented is in form a reproduction of the stenographer's notes. No attempt is made to state the evidence in narrative form, as required by Rule 40 A of this court. Section 214 of the Code of Civil Procedure requires that only the substance of the notes be stated. Here not only are these regulations not complied with, but a very great part of the proposed bill is composed of arguments between counsel during the hearing of the evidence.

Counsel for appellees insist that there was little oral evidence to be reduced to form, as most of the evidence was documentary; that most of this evidence could have been retailed from the memory of the court and counsel, and our examination of the record tends to confirm these assertions. We are convinced that at least an attempt could have been made to reduce the statement of the case to form, without the necessity of the stenographer's notes, and the appellants would not have needed so many extensions. *Interest reipublicae ut sit finis litium.*

The statement or bill must be stricken from the record.

*Statement stricken from the record.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.